Roger CLARK *v.* STATE of Arkansas

CR 76-132                                    541 S.W. 2d 683

Opinion delivered October 11, 1976

*Dale E. McCoy,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Roger Clark was convicted on two counts of selling a controlled substance. The jury fixed his punishment at ten years in the State penitentiary and a fine of $5,000 on each count. It is from this conviction and sentence that appellant appeals.

On appeal, appellant first contends the court abused its discretion in denying his motion for a continuance. At arraignment on September 15, 1975, the case was set for trial on December 8, 1975. On October 17, 1975, appellant requested a continuance, stating:

> * * * Said defendant has submitted himself to the Human Services Center of Russellville, Arkansas, for a program of psychological counseling and treatment pursuant to an order of this Court dated October 8, 1975; and that defendant and his attorney desire a period of time beyond the present trial date to utilize this counseling program in preparation of defendant's case for trial.

Trial was then set for January 12, 1976. On December 30, 1975, counsel requested another continuance, citing his trial schedule as the basis for his motion. This motion was denied by letter from the court dated January 5, 1976, and received by counsel for appellant on January 7, 1976.

It is well settled that the granting or denying of a continuance is within the sound discretion of the trial court and that, on appeal, this Court will not disturb that decision unless abuse of discretion is shown. See *Cox* v. *State,* 257 Ark. 35, 513 S.W. 2d 798 (1974), and cases cited therein. Appellant here was represented by the same attorney at all stages of the proceedings, and four months was certainly adequate time to prepare this case for trial. Therefore we find no abuse of the trial court's discretion in denying appellant's motion for a continuance.

The second contention raised is that the court deprived appellant of due process of law by failing to immediately suspend all proceedings in the prosecution when appellant filed

notice of his intent to rely upon the defense of mental disease or defect; and further failed to direct appellant to undergo examination and observation by a court-appointed psychiatrist or psychiatric hospital, as required by the new Criminal Code.[1]

On January 8, 1976, only four days before trial, appellant filed a motion for application of the provisions of the new Criminal Code in his trial and a notice of intent to raise mental disease or defect as a defense pursuant to Ark. Stat. Ann. § 41-102 (4) (Crim. Code 1975). Although counsel for appellant had received a psychological evaluation of appellant from the Human Services Center of Russellville, Arkansas, in December of 1975 appellant did not comply with § 41-102(4), which provides that:

> (4) A defendant in a criminal prosecution for an offense committed prior to the effective date of this Code may elect to have the construction and application of any defense to such prosecution governed by the provisions of this Code. Such election shall be made by motion to the court which is to conduct the trial. *The motion shall be timely filed but not later than ten ( 10) days before the date set for the trial of the case, except that the court for a good cause shown may entertain such motion at a later time.* (Italics supplied.)

Counsel for appellant knew as early as December that the above-mentioned psychological evaluation indicated that appellant suffered from schizophrenia, but he failed to so "notify the prosecutor and the court at the earliest practicable time." Ark. Stat. Ann. § 41-604(1) (Crim. Code 1975).

Since timely request was not made as required by statute and no good cause was shown as to why the motion should be entertained at a later time the court was not required to proceed under the provision of the new Criminal Code. Consequently appellant's case was controlled by the provisions of Ark. Stat. Ann. § 43-1301 et seq. (Supp. 1975). We find that the court has complied with the requirements of § 43-1301 in that appellant had been psychologically

---

[1]The informations charge the offenses were committed on July 3, 1975, and the new Criminal Code became effective January 1, 1976.

evaluated. The psychologist, Alan Tuft, who made the evaluation testified in appellant's behalf at his trial. Furthermore, a written report from a qualified psychiatrist, Dr. W. R. Oglesby, was introduced without objection. Said report was made at the request of Mr. Tuft and considered in Tuft's evaluation of appellant. The report in part read as follows:

> It is my impression that this young man has average or above average intelligence. He knows right from wrong and is able to refrain from that which is wrong if he chooses to do so. I have found no past or present evidence of any psychosis or impairment of judgment which would affect his behavior. Therefore, it is my opinion that he is responsible for his behavior and should be held accountable for it. The best treatment in this situation would be for him to have to answer any consequences of his behavior. I do not feel that he would respond to any type of psychotherapy or medication.

It was certainly within discretion of the court to determine whether appellant was entitled to any further examination, and we find no abuse of discretion on this issue.

It is not necessary to discuss appellant's last contention concerning denial of certain rights under the new Criminal Code (Ark. Stat. Ann. § 41-612) since, as heretofore pointed out in this opinion, he was not entitled to proceed under the new code because the request was not timely filed.

Finding no reversible error, the judgment of conviction is affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.