Thomas Edmond CROCKETT
*v.* STATE of Arkansas

CR 84-14                                            669 S.W.2d 896

Supreme Court of Arkansas
Opinion delivered June 4, 1984

*Porter & King*, by: *Durwood W. King*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Thomas Edmond Crockett, entered a plea of guilty to the charge of first degree murder. He was sentenced to imprisonment for the remainder of his life. His sentence is now in execution and he seeks to collaterally attack the conviction by alleging ineffective assistance of counsel and by proceeding under the provisions of A.R.Cr.P. Rule 37. The trial court refused relief. We affirm. Jurisdiction is in this court under Rule 29 (1)(e).

The appellant contends that he had ineffective counsel because his counsel did not file either a motion for discovery or a motion to suppress his confession.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann* v. *Richardson,* 397 U.S. 759, 771 n.14 (1970). However, the burden rests upon the defendant to demonstrate ineffective assistance of counsel. *United States* v. *Cronic,* ___ U.S. ___, 104 S.Ct. 2039, slip op. at 10 (1984). Such a constitutional violation can be shown only by pointing to specific errors made by trial counsel. *United States* v. *Cronic, id.,* slip op. at 18. If alleged errors are specified, as they are in this case, they are to be evaluated under the standards enunciated in *Strickland* v. *Washington,* ___ U.S. ___, 104 S.Ct. 2052 (1984).

In *Strickland*, the Court, for the first time, elaborated on claims of actual ineffectiveness. The Court held that the benchmark for judging a claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to reach that mark, a defendant must prove that counsel's performance was deficient and the deficient performance was so prejudicial that the result of the trial is not reliable. *Strickland* v. *Washington, Id.,* slip op. at 17.

The guilty plea was the trial in this case. *Irons* v. *State,* 267 Ark. 469, 591 S.W.2d 650 (1980). A defendant whose conviction is based upon a plea of guilty normally will have difficulty in proving any prejudice since his plea rests upon his admission in open court that he did the act with which he is charged. *See* A.R.Cr.P. Rule 24.6; *Reed* v. *State,* 276 Ark. 318, 635 S.W.2d 228 (1982); *McMann* v. *Richardson,* 397 U.S. at 766 (1970).

In the case at bar, the appellant, in open court in the original proceeding, admitted that he robbed and murdered James Williams. At the post-conviction hearing he offered no evidence to show that his conviction was unreliable. Since there is no reasonable doubt about appellant's guilt or the reliability of the conviction, the appellant has suffered no prejudice. As a result, it is not necessary for us to examine the allegation of deficient performance by counsel. Again, the failure to prove either sufficient prejudice or deficient performance by counsel defeats a claim of ineffectiveness of counsel. *Strickland* v. *Washingotn, Id.,* slip op. at 30.

Affirmed.