Earnest HUFF *v.* STATE of Arkansas

CR 86-40                                                711 S.W.2d 801

Supreme Court of Arkansas
Opinion delivered July 7, 1986

*Lloyd R. Haynes*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant's petition for Rule 37 postconviction relief was denied by the Pulaski Circuit Court after an evidentiary hearing. This appeal is from that denial and, accordingly, our jurisdiction is pursuant to Sup. Ct. R. 29(1)(e). We affirm.

The appellant was arrested in September, 1983 for burglary and theft of property. After his arrest, a ring was recovered from appellant which was identified as coming from a robbery committed August 10, 1983, in Sherwood, Arkansas. Appellant later gave a statement to a Little Rock police officer admitting the robbery. On December 12, 1983, appellant pled guilty to aggravated robbery and burglary and was sentenced to 10 years imprisonment for the burglary and 30 years for the aggravated robbery, with directions that the sentences be served concurrently. Appellant's petition for postconviction relief was filed *pro se*. He is represented by counsel for this appeal, however.

The appellant alleged ineffective assistance of counsel as the basis for postconviction relief. The appellant and his attorney provided the only testimony at the Rule 37 hearing. In denying the relief, the trial court found he failed to present sufficient evidence to prove his allegations.

Counsel is presumed competent. *Travis* v. *State*, 283 Ark. 478, 678 S.W.2d 341 (1984). The burden of overcoming that presumption rests on the petitioner. *Maddox* v. *State*, 283 Ark. 321, 675 S.W.2d 832 (1984). When a guilty plea is challenged, as here, the sole issue is whether the plea was intelligently and voluntarily entered with the advice of competent counsel. *Williams* v. *State*, 273 Ark. 371, 620 S.W.2d 277 (1981). The appellant has the heavy burden of establishing that

counsel's advice was not competent. *United States* v. *Cronic*, 466 U.S. 648 (1984); *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984). Ineffective assistance of counsel with regard to a guilty plea can be shown only by pointing to specific errors by counsel. *Crockett, supra.* Alleged errors are to be evaluated under the standard enunciated in *Strickland* v. *Washington*, 466 U.S. 668 (1984), which requires a petitioner to demonstrate both that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the sixth amendment and that the deficient performance resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied upon as just. Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Pruett* v. *State*, 287 Ark. 124, 697 S.W.2d 872 (1985). A defendant whose conviction is based on a plea of guilty ordinarily will have difficulty in proving prejudice since his plea rests on the admission in court that he did the act with which he is charged. *Crockett, supra.*

On appeal, we affirm the trial court's denial of postconviction relief unless it is clearly against the preponderance of the evidence. *Knappenberger* v. *State*, 283 Ark. 210, 672 S.W.2d 54 (1984).

Appellant claims he was assaulted by police officers and forced to appear in a lineup without an attorney, although he requested one. He also maintains that he confessed because the police officer threatened to file additional charges against him if he refused, and that the police officer told him what to say in his confession. Appellant further argues that his attorney told him he would try to have that confession suppressed and then failed to do so. These claims of constitutional deprivation, because they occurred prior to the entry of his guilty plea, are not pertinent since the focus of inquiry in a collateral attack on a guilty plea is on the question of voluntariness of the plea as it relates to the advice rendered by counsel. *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982), *quoting, Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980). Any other defenses, except jurisdictional defects, are considered waived by the appellant. *Id.*

Appellant also alleges that he was erroneously advised by his

attorney that, if he pled guilty and received the 30 year sentence, he would be eligible for parole in four or five years. That promise of parole led him to plead guilty, according to the appellant, who also states that he was not guilty of the aggravated robbery charge. His attorney denies advising the appellant when he could be paroled prior to appellant's guilty plea.

■ Before entering his plea, the appellant filled out a plea statement which stated that he was charged with a felony and no prior convictions. Appellant testified he thought that meant he would be sentenced as a first time offender, leading to the early parole. Both plea statements he signed also stated the minimum and maximum sentences he could receive, and included statements that his plea was not induced by force, promises or threats, and that he was satisfied with his attorney. Counsel is not required to advise his client about parole because that matter is not a direct consequence of his guilty plea, *Bell* v. *North Carolina*, 576 F. 2d 564 (4th Cir. 1978) *cert. denied*, 439 U.S. 956 (1978), and the voluntariness of a guilty plea is not undermined by a lack of explanation as to the mechanics of the parole system. *Hunter* v. *Fogg*, 616 F.2d 55 (2d Cir. 1980).

■ The United States Supreme Court has also held that erroneous advice by counsel as to eligibility for parole under the sentence agreed to in a plea bargain is not sufficient to satisfy *Strickland's* requirement of prejudice where petitioner does not claim he would have pleaded not guilty and gone to trial had he been correctly informed. *Hill* v. *Lockhart*, ___ U.S. ___, 106 S.Ct. 366 (1985). We need not decide whether *Strickland's* prejudice requirement is met where the appellant *does* claim he would have gone to trial had he been correctly informed, because here, the question is essentially one of credibility.

The appellant introduced into evidence a letter from his attorney dated December 16, 1983, in which the attorney stated:

> In accordance with our agreement last week when you entered your guilty plea and received a sentence of 30 years, I am writing this letter to advise you that I will represent you in any matter before the Arkansas Parole Board and will, after the appropriate amount of time (approximately 4 or 5 years) apply for early relief by way of parole and/or clemency on your behalf.

During the evidentiary hearing, the following occurred in reference to this letter:

Q.	Okay. Now, did that tie in with your understanding with . . . [your attorney] when you signed the plea statement as to the effect of the no prior convictions plea?

Appellant:	This is what really, just really made, I felt that this is what really clinched everything when I signed the plea statement with no prior, I said, I can go on and plead to this and I can go down and therefore, I can go up in four or five years and if I did get a year and I can do another year now and then go up and maybe go up and make a go of it with his help. Because I know of another inmate that had got out like this. So, this is really the reason that I signed this statement. And the letter here, you know, I felt was the clincher and really, you know, if it was not true I felt it was misleading on his part. Because really, you know, I felt that I would have went to court or took a chance on going through other avenues besides pleading guilty, you know, instead of pleading guilty with the Court.

Appellant's attorney, on the other hand, testified as follows:

Q:	Okay. And did you advise him as to his parole eligibility?

Attorney:	I think this was, this was right after the Legislature had changed the parole eligibility. Penitentiaries were crowded. My discussion with Mr. Huff about parole was that after a period of time I would apply for clemency and/or take advantage of any laws that were on the books at that time for early parole. I think I advised him by letter that we would do this. This was after the plea was over. Not before. I think I advised him there that I would apply for clemency and/or parole and if since —

	. . . .

Q:        And had you — Did you advise him that parole eligibility was up to the Department of Corrections?

Attorney:    I advised Mr. Huff, as I advise everyone who goes to the Penitentiary. That it's their penitentiary, they run it to suit themselves. . . . I never advise anybody or . take it into consideration parole eligibility because it is something you have no control over. They change the laws and you go on. . . .

Q:        And that's what you told Mr. Huff?

Attorney:    I'm sure of it.

Here, the trial court was basically presented with a swearing match: appellant claimed his attorney erroneously advised him that he would be paroled within 4 or 5 years and, based on that, he entered his guilty plea. The attorney claimed that the parole discussion took place after appellant entered his plea and that he never advised anyone to take parole eligibility into consideration when deciding whether to accept a negotiated sentence because the parole laws can change. The trial court evidently believed the attorney. Conflicts in testimony are for the trial judge to resolve, and he is not required to believe any witness's testimony, especially the testimony of the accused since he has the most interest in the outcome of the proceedings, *Smith v. State*, 286 Ark. 247, 691 S.W.2d 154 (1985). We cannot say his findings are against a preponderance of the evidence.

Affirmed.