**Arthur Lee PROCTOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00204–CR.**

Court of Appeals of Texas,
Dallas.

April 20, 1987.

Karen Chilton Beverly, Colorado Springs, Colo., for appellant.

Mary Jo Kain, Dallas, for appellee.

Before STEPHENS, HOWELL and McCRAW, JJ.

HOWELL, Justice.

Appellant was convicted of murder, sentenced to life imprisonment, and fined $10,-000.00. Because we find no merit in either of appellant's two points of error, we affirm the trial court's judgment.

In his first point of error, appellant contends that the trial court erred during a hearing on the admissibility of appellant's written statement by admitting evidence of appellant's oral statements made during custodial interrogation.

Upon appellant's request, the trial court conducted a hearing outside the jury's presence to determine whether appellant's written statement was given under voluntary conditions. *See* TEX.CODE CRIM.PROC. ANN. art. 38.22, § 6 (Vernon 1979); *Madden v. State*, 691 S.W.2d 688, 691 (Tex. Crim.App.1985). The State called Officer Phillip Jones of the Dallas Police Department, who had reduced appellant's oral statement to writing, for the purpose of establishing the voluntariness of the conditions under which appellant gave the statement. Officer Phillips testified that, in response to his questions, appellant indicated verbally that he could read and write; that he understood the Miranda warnings administered by Officer Phillips; and that the written statement that was prepared for his signature was correct.

▮ Appellant argues that the trial court's action in admitting evidence of these oral statements violated article 38.22, section 3(a) of the Code of Criminal Procedure, which, subject to exceptions not presently material, renders inadmissible any oral statement of an accused made as a result of custodial interrogation. TEX. CODE CRIM.PROC.ANN. art. 38.22, § 3(a) (Vernon Supp.1986). However, we con-

**2**

clude that the statute only precludes oral statements given in response to custodial interrogation that *tends to elicit an incriminating response.* In this sense the questions asked by Officer Phillips—whether appellant understood the *Miranda* warnings administered by Officer Phillips, whether appellant could read or write, and whether the written statement was correct—were not "reasonably likely to elicit an incriminating response." *See Rhode Island v. Innis,* 446 U.S. 291, 301–03, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980) (adopted in *McCrory v. State,* 643 S.W.2d 725, 726 n. 2 (Tex.Crim.App.1982)). Rather, the officer's questions were designed to ensure that the written statement that appellant was prepared to give would be given voluntarily. We hold that article 38.22 is directed to incriminating responses and not to responses that do no more than demonstrate the voluntary nature of a written statement.

In a hearing to determine the voluntariness of a defendant's statement, all relevant testimony concerning voluntariness should be admitted. *Bounds v. State,* 362 S.W.2d 858, 860 (Tex.Crim.App.1962). Certainly, appellant's responses to Officer Phillips' inquiries are relevant to the voluntariness of his subsequent statement. We hold that the trial court properly admitted Officer Phillips' testimony as to the voluntary conditions surrounding the statement given by appellant. To hold otherwise would make it impossible for the State to show that a confession was given under voluntary conditions. *See Jones v. State,* 156 Tex.Cr.R. 475, 243 S.W.2d 848, 851 (1951). We overrule appellant's first point of error.

Appellant contends next that the jury instructions given by the trial court, and mandated in this case by article 37.07, section 4(b) of the Texas Code of Criminal Procedure, are unconstitutional. We have held recently that there are no federal or state constitutional infirmities in section 4 of article 37.07. *Rose v. State,* 724 S.W.2d 832 (Tex.App.—Dallas, 1986, pet. granted); *Joslin v. State,* 722 S.W.2d 725 (Tex.App.—

Dallas 1986, rev. granted). Appellant's second point of error is overruled.

Affirmed.

McCRAW, J., concurs.

McCRAW, Justice, concurring.

Without qualification, I join the Justice Howell's opinion except its disposition of appellant's complaint with respect to the instruction on parole and good time laws. However, I join Justice Howell's opinion disposing of appellant's complaint with respect to the instruction of parole and good time laws in light of the majority's holding in *Rose v. State,* 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. granted). Nevertheless, I remain of the opinion that TEX. CODE CRIM.PROC.ANN. art. 37.07, § 4 (Vernon Supp.1986) violates the separation of powers doctrine provided by TEX. CONST. art. II, section 1 and, therefore, is unconstitutional for the reasons expressed in Justice Whitham's and my concurring and dissenting opinion in *Rose.*