Dewayne FRANKLIN *v.* STATE of Arkansas

CR 87-92                          736 S.W.2d 16

Supreme Court of Arkansas
Opinion delivered September 28, 1987

*Murray F. Armstrong*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This case involves a Rule 37 proceeding in which the appellant sought to withdraw his guilty plea to a reduced charge of first degree murder to which he was sentenced to thirty years imprisonment. Appellant appeals the trial court's denial of his petition, and argues (1) he was denied effective assistance of counsel and (2) the trial court erred in finding a factual basis for appellant's plea. We find no error, and, therefore, affirm.

In addressing appellant's first argument, we have held that the petitioner has the burden to prove the counsel's assistance ineffective. *Davis* v. *State*, 267 Ark. 507, 592 S.W.2d 801 (1986). In fact, counsel is presumed competent, and the burden of overcoming that presumption rests on the petitioner. *Muck* v. *State*, 292 Ark. 310, 730 S.W.2d 214 (1987). More importantly, as appellant's conviction here is based upon a guilty plea, we have held that a petitioner having entered such a plea normally will have difficulty in proving any prejudice since his plea rests upon his admission in open court that he did the act with which he is charged. *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

Appellant contends that, because of his counsel's actions (or his failures to act), he pleaded guilty while under a misunderstanding of the law and his rights. *See McGee* v. *State*, 262 Ark. 473, 557 S.W.2d 885 (1977). Under these circumstances, he claims his plea was involuntary. Specifically, appellant testified that his attorney, Robert Morehead, was ineffective because (1) Morehead only saw him three times in eight months and failed to reply to appellant's phone calls and letters; (2) Morehead failed to inform him adequately about the plea bargain, leading appellant to believe he would serve less than thirty years—perhaps three to five years; and (3) Morehead failed to investigate appellant's case, including not talking to any of the people allegedly involved in the crime.

As was the case in *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986), appellant's claims and testimony were denied by his attorney. Morehead said that he had seen appellant "a half a dozen or more" times. He discussed with appellant the possible risks in going to trial, the most serious being that appellant could receive the death penalty. Considering that risk and the fact that his co-defendants were "pointing their fingers" at appellant,

Morehead suggested the alternative of negotiating for a term of years. He said he discussed all of appellant's options with him. After receiving the prosecutor's agreement to reduce the charge to first degree murder with a recommendation of a thirty-year sentence, Morehead testified that he then completed a plea statement with the terms in it. The appellant showed no indication that he did not understand the statement and signed it. Morehead also denied advising appellant that he would receive a lighter sentence than thirty years. He further said that he discussed the plea agreement with appellant, who indicated his acceptance of it in front of the trial judge. Finally, concerning appellant's charge that Morehead failed to talk with the others involved in the crime, Morehead related that those defendants refused to assist him, since they were also facing capital felony charges.

In hearing appellant's and Morehead's testimony, the trial judge obviously resolved the conflicts in their stories against appellant. Such conflicts in testimony are for the trial judge to resolve, and the judge is not required to believe any witness's testimony, especially that of the accused since he has the most interest in the outcome of the proceeding. *Huff* v. *State, supra.*

In his second argument, appellant urges that the trial court posed inadequate inquiries to establish a sufficient factual basis to the murder charge and failed to inform him of the minimum and maximum sentences before the court accepted appellant's plea. There clearly is no merit to this claim. At the guilty plea hearing, appellant stated he was guilty as an accessory, and then proceeded with a brief recitation of the facts of the case. At the same hearing, the trial court had a written statement previously made by appellant, as well as two witnesses' proffered testimony, which inculpated appellant. Also, before accepting appellant's plea, the court fully informed appellant of the minimum and maximum sentences he could receive for first degree murder.

Because we are unable to say the trial court's findings in denying appellant's petition for relief are clearly against the evidence, we affirm. *See Whisenhunt* v. *State*, 292 Ark. 33, 727 S.W.2d 847 (1987).