Michael HUDSON *v.* STATE of Arkansas

CR 87-153                                        741 S.W.2d 253

Supreme Court of Arkansas
Opinion delivered December 21, 1987

*Sanders & Hill, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Michael Hudson, pleaded guilty to three charges of possession and delivery of a controlled substance and was sentenced to five years imprisonment on each of the first two counts and four years on the third count, a total of fourteen years with the terms to run consecutively. Later, Hudson petitioned for post-conviction relief under Ark. R. Crim. P. 37 on the grounds of newly discovered evidence. The trial court granted a hearing on his petition and denied relief. From this hearing, Hudson appeals.

Since the record contains no new evidence, it can only be assumed that Hudson's claim of "newly discovered evidence" is embedded in his allegations that his attorney was incompetent for failing to investigate and determine the existence of physical evidence (LSD and marijuana) and also for failing to explore and discover improper procedures utilized by police in maintaining a chain of custody of evidence. Hudson further claims that he did not voluntarily plead guilty to the charges as he misunderstood the application of the "Habitual Criminal Act" to his situation. We find these arguments without merit.

Hudson has the burden of overcoming the presumption of his counsel's competence. *Franklin* v. *State*, 293 Ark. 225, 736 S.W.2d 16 (1987). *Muck* v. *State*, 292 Ark. 310, 730 S.W.2d 214 (1987). He must demonstrate that there is a reasonable possibility that but for counsel's errors, he would not have pleaded guilty. *Jones* v. *State*, 288 Ark. 375, 705 S.W.2d 874 (1986). *See also Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986). An

appellant who enters a guilty plea "will have difficulty proving any prejudice since his plea rests upon his admission in open court that he did the act with which he is charged." *Franklin, supra.*

■ Hudson's claim that his attorney's conduct in this case was incompetent is without basis. First, the record of the evidentiary hearing reveals that his counsel did view the physical evidence. After a fire at the jail where the evidence was stored, which Hudson later admitted starting, his attorney asked to see the evidence. Both his counsel and the prosecutor testified at the hearing that the evidence was then presented to Hudson and counsel for viewing prior to plea bargaining. After seeing the evidence and the state's file, Hudson pleaded guilty. Although Hudson testified only a drug analysis was shown, the trial judge was not required to believe him, especially since he had an interest in the outcome of the proceedings. *Huff, supra.*

■ Additionally, we do not see how Hudson was prejudiced by his counsel's alleged incompetence in failing to investigate the method used by the police to maintain a chain of custody. Pursuant to the procedure that the jail was using at the time, tagged evidence was kept in a locked closet before and after transport to the state crime lab for analysis. Although the police did not keep an inventory of the evidence, there was no proof presented that the evidence was tampered with or that there were other suspicious circumstances which might have caused a break in the chain of custody. *Johnson* v. *State*, 291 Ark. 260, 724 S.W.2d 160 (1987).

Hudson also argues that his guilty plea was not voluntary because he was given incorrect information regarding the "Habitual Criminal Act." He testified at the hearing that his counsel and the prosecutor falsely told him that if he were found guilty under this Act, he would by law receive twenty years and a double sentence on each charge. He was also told all the sentences would automatically run consecutively. After plea bargaining, Hudson received the minimum sentence for each offense without the application of the enhancement provisions provided by statute. While it is true that the risk of a greater sentence might influence a defendant's decision to plead guilty, Hudson's testimony was not substantiated. In fact, the prosecutor testified that the "Habitual Criminal Act" was never part of the plea bargaining

process. The trial court is not required to accept Hudson's version. *Huff, supra.*

This court will not reverse a trial court's ruling denying Rule 37 relief unless the findings of the trial court are clearly erroneous. *Stephens* v. *State*, 293 Ark. 231, 737 S.W.2d 147 (1987). Under the circumstances, we cannot say that the trial court erred in denying Hudson's request for relief.

Affirmed.