Edward Eugene OWENS v. STATE of Arkansas

CR 88-55                                    756 S.W.2d 899

Supreme Court of Arkansas
Opinion delivered September 19, 1988

*Sherman and James*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This case involves a Rule 37 petition. On February 29, 1984, a jury found the appellant, Edward Eugene Owens, guilty of rape and he was sentenced to twenty years imprisonment. The court of appeals affirmed in an opinion not designated for publication. *Owens* v. *State*, No. 84-921 (Ark. App. November 14, 1984). On May 26, 1987, this court granted appellant's Rule 37 petition and directed the trial court to hold an evidentiary hearing concerning appellant's allegations that he was denied effective assistance of counsel. We limited the hearing to appellant's allegations that counsel's failure to investigate denied the appellant the opportunity to call four witnesses and to introduce into evidence purported notes written by and exchanged between the witnesses and the victim. *Owens* v. *State*, 292 Ark. 292, 729 S.W.2d 419 (1987).

Specifically, appellant alleges that his attorney, Arthur Allen, first visited him less than one week before trial and that, during his visit, appellant told Allen that four men, J.C. Cash, Arthur Cash, Carl Stewart and Ossie Jones, were present at the time of the alleged rape. He alleges that, if called as witnesses, the four men would have testified that the prosecutrix, who is a deaf mute, wrote the men several notes in which she willingly offered them sex in exchange for drugs and money. Petitioner claims that counsel's late visit provided insufficient time to contact and subpoena the men as witnesses. Appellant also argues counsel was ineffective in failing to secure possession of the notes that the prosecutrix exchanged with the men so that the notes could be introduced at trial.

At an evidentiary hearing, the trial court denied petitioner's claims, finding that his attorney had thoroughly investigated the case, had gone to the crime scene, talked with and subpoenaed witnesses and effectively represented the petitioner. We affirm.

It is well-settled that this court will not reverse a trial court's ruling denying a Rule 37 petition unless the findings are clearly erroneous. *Hudson* v. *State*, 294 Ark. 148, 741 S.W.2d 253 (1987). Significant here, we also adhere to the rule that conflicts in testimony are for the trial judge to resolve, and the judge is not required to believe any witness's testimony, especially the testimony of the accused, since he has the greatest interest in the outcome of the proceedings. *Huff* v. *State*, 289 Ark. 404, 711

S.W.2d 801 (1986).

Appellant's counsel, Mr. Allen, testified that the appellant had never mentioned the names of the four men that he now claims should have been called as witnesses. The record also reflects letters written to the trial court soon after his conviction, and in those letters, he detailed his discontentment concerning the trial, but he made no mention of the four men nor the purported notes that he now asserts could have exonerated him. Allen said that he did introduce at trial certain notes obtained from appellant that had been exchanged between the prosecutrix and the appellant. Although the jury apparently disagreed, Allen opined that he had thought those notes were clear evidence that no rape had occurred. Allen further related that, shortly after the appellant's arrest, the police had searched the house where the rape was alleged to have occurred and found no other notes.

The state's evidence clearly contradicted the appellant's claims that his attorney failed to contact witnesses and to retrieve relevant notes which could have shown his innocence. The trial court simply was not required to accept the appellant's version. *Hudson*, 294 Ark. 148, 741 S.W.2d 253. Appellant's counsel is presumed competent, and the appellant had the burden of overcoming that presumption. *Franklin* v. *State*, 293 Ark. 225, 736 S.W.2d 16 (1987). Because we are unable to say the trial court's findings are clearly against the evidence, we affirm.