Charles "Chuck" STOBAUGH v. STATE of Arkansas

CR 88-162                                       769 S.W.2d 26

Supreme Court of Arkansas
Opinion delivered May 8, 1989
[Rehearing denied June 5, 1989.]

*Felver A. Rowell, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. On October 28, 1987, the appellant was sentenced by the Faulkner County Circuit Court to a term of four years in prison and was fined $10,000 on his guilty plea to a charge of possession of marijuana with intent to deliver. The only point argued for reversal is that the trial court should have found that trial counsel was ineffective and therefore should have allowed the appellant to withdraw his guilty plea. As we find no prejudicial error, the judgment is affirmed.

The appellant was stopped at a roadblock on Highway 64 in Faulkner County, Arkansas, on February 7, 1987. The record indicates that the roadblock was for the purpose of checking operator and vehicle licenses. The police checked the appellant's driver's license and returned it to him; at about the same time, another officer approached the pick-up truck and opened the passenger door. As the door was opened, a brown paper sack containing marijuana fell out of the truck. The appellant was charged with possession of marijuana with intent to deliver.

The cornerstone of the appellant's argument on appeal is that the trial counsel was ineffective when he failed to make a specific motion to suppress the evidence because the roadblock was "patently illegal." Trial counsel filed several pretrial motions, including one to release the pickup truck, which had been seized, on the ground that the seizure was the result of an illegal roadblock. The motions were denied, and apparently some deal was worked out for the return of the truck.

It was revealed at the hearing on the motion to withdraw the guilty plea that trial counsel did not make the additional motion concerning the suppression of the evidence for the reason that he did not wish to anger the trial court. Apparently the defense counsel was trying to place the appellant in a favorable position with the court by having the appellant lecture students concerning the dangers of drug use.

The appellant and his attorney decided to change the plea from "not guilty" to "guilty," and on October 16, 1987, the appellant filled out a "statement by defendant in advance of plea of guilty." The statement was filed on October 28, 1987, when the court accepted the appellant's guilty plea. A judgment and commitment order was filed on October 29, 1987. The guilty plea rendered moot all pending motions inconsistent with the plea.

The sentence by the court was not what had been expected by the appellant and his attorney. The trial attorney prepared and filed a motion for reconsideration on November 3, 1987. Nothing happened, and the appellant then retained his present counsel, who filed a petition to withdraw the plea on November 12, 1987. A hearing was scheduled for February 26, 1988, but was continued until May 20, 1988. The opinion of the court was not filed until July 8, 1988, and on July 16, 1988, the appellant gave notice of appeal.

The motion to withdraw the guilty plea was treated as a Rule 37 petition by the trial court, and relief was denied. It is from that judgment that this appeal is taken.

The sole issue presented on appeal is whether trial counsel was ineffective and thereby prevented the appellant from intelligently and voluntarily entering the guilty plea. We stated in *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986), that "[w]hen a guilty plea is challenged, as here, the sole issue is whether the plea was intelligently and voluntarily entered with the advice of competent counsel." See *Williams* v. *State*, 273 Ark. 371, 620 S.W.2d 277 (1981). Specific errors on the part of the trial attorney are to be evaluated under the *Strickland* v. *Washington*, 466 U.S. 668 (1984), standard. *Strickland* requires the petitioner to demonstrate both that the defense counsel was not functioning as guaranteed by the Sixth Amendment and that his deficient performance resulted in depriving the petitioner of a

fair trial. The burden upon the petitioner in such a case is extremely heavy. *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

The allegations by the appellant enumerate specific instances of conduct said to constitute ineffective assistance of counsel. First, he argues that the failure of the defense attorney to properly raise the unconstitutionality of the roadblock fell below the standard required of counsel. Second, he asserts that, had a motion to suppress the evidence been presented and granted, there would have been insufficient evidence to support a conviction. Third, he insists that he was misled by his trial counsel in entering the guilty plea, having been given the impression that he would receive a suspended or probated sentence.

■ A defendant who receives a greater sentence than expected is not entitled to have his plea withdrawn solely on that basis. In the absence of a plea agreement or other extenuating circumstances, the fact that a defendant hoped for, or even expected, a lighter sentence is not grounds for withdrawing the plea after an unfavorable sentence is pronounced.

■ The appellant's attorney appears genuinely to believe that the roadblock was illegal and that all that needed to be done was to move to suppress the evidence on the basis that the search was unconstitutional. It was not disputed that the purpose of the roadblock in this case was to check drivers' and vehicle licenses. We have found neither case law nor statutory or constitutional prohibition declaring that police may not establish a roadblock for such purposes. The appellant relies on cases that prohibit roadblocks for the general purpose of finding out whether anybody is violating laws of any kind. Counsel in fact made a motion on that basis in the trial court when he sought to have the vehicle released because it had been wrongfully seized. The trial court ruled adversely on the motion, and there is some logic to the trial counsel's contention that he did not file the second motion to exclude the marijuana because it would have agitated the judge. Evidently, he felt certain that the judge would make the same ruling on the bag of marijuana that he had made concerning the seizure of the vehicle. Such a decision on counsel's part comes within the purview of trial strategy or tactics.

■ We do not judge the performance of trial counsel by

hindsight. If there is a rational and logical basis for the manner in which he tried the case we will not second guess him. Trial tactics vary from lawyer to lawyer, and even the same lawyer may act differently in similar circumstances on another occasion. No trial attorney wants to make a trial judge angry. However, an aggressive defense may be made before any competent trial judge without risking additional punishment of the client or reprimand or censure of the attorney. We could no more sanction such treatment by a trial judge than we could ineffective assistance of counsel.

It is mandatory to allow the withdrawal of a guilty plea or a plea of nolo contendere in order to correct a manifest injustice if it is proven to the satisfaction of the trial court that an accused has been denied effective assistance of counsel. A.R.Cr.P. Rule 26.1(c)(i). Unless the judgment of the trial court is clearly erroneous, it will not be disturbed on appeal.

Counsel is presumed competent, and the burden of overcoming that presumption rests with the petitioner. *Huff* v. *State*, supra, and *Maddox* v. *State*, 283 Ark. 321, 675 S.W.2d 832 (1984). The appellant entered his plea after much consultation with the lawyer, his family, and the state's attorneys. At the time he filled out his advance plea form, he stated that he was satisfied with his attorney and understood all of his rights and the minimum and maximum terms to which he could be sentenced. It was only after he failed to receive the sentence he had hoped for that he became dissatisfied. This is understandable. Nonetheless, the facts and the record in this case indicate that his plea was intelligently and voluntarily entered and his counsel was not ineffective.

Affirmed.