Ronald Lee RHEUARK *v.* STATE of Arkansas

CR 89-40 · 771 S.W.2d 777

Supreme Court of Arkansas
Opinion delivered June 26, 1989

*Tucker & Thrailkill*, by: *Patricia A. Tucker*, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On April, 16, 1987, appellant Ronald Lee Rheuark entered pleas of guilty to forgery in the second degree and murder in the first degree. The trial court entered judgment of conviction on the charges and sentenced him to life imprisonment on the murder charge and one year on the forgery charge. Thereafter, he filed a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. The trial court, without a hearing, denied the petition, making written findings based upon the files and record. From this order, Rheuark appeals. We affirm.

For reversal, he contends that his trial counsel was ineffective in that he (1) failed to object to or move to quash the arrest warrant on the basis that the procedure utilized in obtaining the warrant was unconstitutional in that it was not issued by a judicial officer or neutral and detached magistrate upon probable cause, supported by oath or affirmation and (2) failed to raise the issue of prejudicial effect resulting from unnecessary prosecutorial delay.

A trial court need not hold an evidentiary hearing if it can conclusively determine from the record that the petitioner's contentions are meritless. *Stewart* v. *State*, 295 Ark. 48, 746 S.W.2d 58 (1988).

A petitioner has the burden of overcoming the strong presumption that his counsel was competent. *Stobaugh* v. *State*, 298 Ark. 577, 769 S.W.2d 26 (1989); *Pettit* v. *State*, 296 Ark. 423, 758 S.W.2d 1 (1988). To prove ineffective assistance of counsel, a petitioner must show that (1) his attorney made so serious an error that he was not functioning as the "counsel" guaranteed by the sixth amendment and that (2) his counsel's deficient performance was so prejudicial as to deprive the defendant of a fair trial. *Strickland* v. *Washington*, 466 U.S. 668 (1984); *Pennington* v. *State*, 294 Ark. 185, 741 S.W.2d 266 (1987).

The *Strickland* standard has been made applicable to challenges to guilty pleas based upon ineffective assistance of counsel. *Hill* v. *Lockhart*, 474 U.S. 52 (1985). In order to satisfy the prejudice requirement of *Strickland*, a defendant who pleads guilty must demonstrate that but for counsel's errors he would not have done so. *Id.; Pettit, supra. See also Furr* v. *State*, 297 Ark.

233, 761 S.W.2d 160 (1988); *Jones* v. *State*, 288 Ark. 375, 705 ·S.W.2d 874 (1986). As this court stated in *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984), "A defendant whose conviction is based upon a plea of guilty normally will have difficulty proving any prejudice since his plea rests upon his admission in open court that he did the act with which he is charged."

Rheuark has not demonstrated in his brief on appeal that he would not have pleaded guilty but for counsel's alleged errors. Simply put, he has not met the prejudice requirement of *Strickland, supra*, and *Hill, supra*. The trial court was correct in denying his petition without a hearing. *See Jones, supra.*

Affirmed.