Terry COX *v.* STATE of Arkansas

CR 88-157                                    772 S.W.2d 336

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*John Wesley Hall, Jr.* and *Craig Lambert*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. In September 1987 appellant Terry Cox entered a plea of guilty to the charge of first degree murder. In March 1988 he filed a Rule 37 petition with the circuit court alleging ineffective assistance of trial counsel. Relief was denied. From that order comes this appeal. We affirm.

Cox raises two points concerning the denial of his Rule 37 petition. First, he maintains counsel was ineffective because the

attorney allowed Cox to plead guilty despite a meritorious speedy trial argument. Next, he argues the court erred in finding his guilty plea had been entered knowingly and intelligently since his attorney had failed to inform him that entering a guilty plea would result in a waiver of the right to appellate review. Neither argument has merit.

Along with co-defendant Wayne Duncan, Cox was charged on October 18, 1982, with three counts of attempted first degree murder. The information was twice amended in November 1982, resulting in multiple counts including a capital murder charge.

Later, a motion to sever was granted. On April 11, 1983, six months after charges had been filed, defense counsel Dick Jarboe and prosecuting attorney Jim Stallcup agreed that Cox's case would be continued until after the trial of co-defendant Wayne Duncan. Defense counsel considered the agreement an opportunity to "dry run" the case and agreed to waive any speedy trial claims. No order was entered or docket entry made until a motion for continuance was filed on July 13, 1983, with a corresponding notation in the docket "Motion for continuance for defendant Terry Cox."

Duncan was tried in April 1985, three years after charges had been filed. His conviction was appealed on speedy trial grounds. While the appeal was pending, Cox's case was set for October 1985. Cox then employed additional counsel. Shortly before trial, new counsel moved for a continuance based on health problems. An order granting this continuance and also setting out the April 1983 continuance agreement was entered on November 1, 1985. The case was set for May 1986 but again continued by agreement of counsel until October. On October 9, 1986, some four years after charges had been filed, Cox's new counsel moved to dismiss on speedy trial grounds. Co-counsel Jarboe thereupon withdrew in light of his earlier agreement to waive any speedy trial claims.

In December 1987, we reversed and dismissed co-defendant Duncan's conviction on speedy trial grounds. *Duncan v. State,* 294 Ark. 105, 740 S.W.2d 923 (1987). No continuances of record had been filed in *Duncan* until after the speedy trial period had passed, nor were there any other excludable periods, and "the State offer[ed] no explanation whatsoever for the failure to try

the defendant in a timely manner."

On May 11, 1987, the trial court denied Cox's motion to dismiss on speedy trial grounds based on the April 1983 agreement between defense counsel and the prosecutor to continue Cox's case until after Duncan's trial. This time period was excluded as a period of delay "for good cause" under A.R.Cr.P. Rule 28.3(h). The court noted the agreement included an express waiver of any speedy trial claims.

At some point, a negotiated plea agreement was discussed whereby the prosecutor would recommend a forty year sentence if Cox entered a guilty plea. Counsel for Cox later testified it was felt that if Cox contested the speedy trial issue or sought an appeal following trial, the plea offer would be dropped. For that reason, and because counsel did not think it was wise to expose appellant to a possible sentence of death or life imprisonment without parole if the case went to trial, Cox was encouraged to enter a guilty plea. On September 10, 1987, appellant entered a plea of guilty to first degree murder.

Cox filed his Rule 37 petition in March 1988 alleging ineffective assistance of trial counsel. The petition asserted that trial counsel was ineffective because the attorney allowed Cox to plead guilty despite a meritorious speedy trial claim. In support of his petition, Cox pointed out that co-defendant Duncan's case had been reversed and dismissed on speedy trial grounds, and he argued the trial court failed to comply with A.R.Cr.P. Rule 28.3(i) and *Shaw* v. *State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986). At the hearing on the Rule 37 petition, an additional issue developed as to whether defense counsel informed Cox that the entry of a guilty plea would result in a waiver of appellate review.

■■ It is appellant's burden to prove counsel's assistance was ineffective. *Franklin* v. *State*, 293 Ark. 225, 736 S.W.2d 16 (1987). In fact, counsel is presumed competent, and the burden of overcoming that presumption rests on Cox. *Franklin, supra; Stobaugh* v. *State*, 298 Ark. 577, 769 S.W.2d 26 (1989). To prevail on a claim of ineffective assistance of counsel, Cox must first demonstrate that counsel's performance was deficient. This requires showing that counsel made errors so serious that the attorney was not functioning as the "counsel" guaranteed by the sixth amendment. Second, there must be a showing that the

deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive Cox of a fair trial. *Pettit* v. *State*, 296 Ark. 423, 748 S.W.2d 1 (1988). Unless Cox makes both showings, it cannot be said that his conviction resulted from a breakdown in the adversary process that rendered the result unreliable. *O'Rourke* v. *State*, 298 Ark. 144, 765 S.W.2d 916 (1989).

■ More importantly, Cox's conviction is based upon a plea of guilty. The guilty plea was the trial in this case. *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980). An appellant having entered such a plea normally will have considerable difficulty in proving any prejudice since his plea rests upon his admission in open court that he did the act with which he was charged. *Franklin, supra; Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984). Courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and Cox must show there is a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea. A reasonable probability is one sufficient to undermine confidence in the outcome of the proceedings. In making a determination on a claim of ineffectiveness, the totality of the evidence must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

Cox presents two reasons why his speedy trial claim was meritorious. We find neither reason convincing and hence cannot say the speedy trial claim had merit. As such, Cox is unable to demonstrate that counsel was ineffective for allowing him to enter a guilty plea under these circumstances. That being the case, the contention that it was error to deny the Rule 37 petition is groundless.

In his brief on appeal, Cox argues: "[Duncan's] conviction was dismissed on appeal by the Arkansas Supreme Court. . . . [The] Court held in his case that asking for a continuance after the speedy trial time had run does not remedy the speedy trial violation. . . . The same error that voided Duncan's conviction must, of necessity, void appellant's too." The appellant is wrong in this regard.

It is clear that Duncan's conviction was dismissed because there were no continuances of record except those filed after the

speedy trial period had expired, nor were there any other excludable periods, and *"the State offer[ed] no explanation whatsoever for the failure to try Duncan in a timely manner."* (Emphasis ours.) *Duncan, supra.* Here, a motion for continuance had been filed by Cox and was noted in the record prior to the expiration of any speedy trial period. More importantly, there is an easy and clear explanation by the State and counsel for appellant Cox why he was not tried within eighteen months of the time charges were filed. Defense counsel Dick Jarboe and prosecuting attorney Jim Stallcup specifically agreed Cox's case would be continued until after the trial of co-defendant Wayne Duncan, which had been severed. The agreement included a waiver of any speedy trial claims and was entered into only six months after filing of the charges. It was for Cox's benefit as it gave him an opportunity to "dry run" the case by having the prosecution first present its evidence in the co-defendant's trial. *Duncan* is different and therefore simply not controlling.

Cox next argues defense counsel should never have allowed Cox to plead guilty since the trial court failed to adhere to the proscriptions of A.R.Cr.P Rule 28.3(i) and *Shaw* v. *State,* 18 Ark. App. 243, 712 S.W.2d 338 (1986), which require that courts make docket notations or enter an order reflecting any continuances. *See Kennedy* v. *State,* 297 Ark. 488, 763 S.W.2d 648 (1989). Again, we find the point to be without merit.

At the time Cox was charged, A.R.Cr.P. Rule 28.1(c) provided:

> Any defendant charged with an offense in circuit court . . . shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within eighteen (18) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Rule 28.3(i) in relevant part provides that "[a]ll excluded periods shall be set forth by the court in a written order or docket entry."

In *Shaw,* the court of appeals found a failure to comply with Rule 28.3(i) in that the record in that case did "not contain *any written order or docket entry* setting forth the excluded periods or the number of days in each period." (Emphasis ours.) The court

continued: "In fact, there is nothing in the record to indicate that appellant even requested a continuance."

As distinguished from *Shaw*, we have a July 13, 1983, docket notation entered within nine months of the date the charges were filed. (It is not clear whether this motion for continuance was related to the April 1983 agreement between defense counsel and the prosecution, though Cox so suggests in his brief on appeal.) Also, the record contains the court's order of November 1, 1985, describing the terms of the April 1983 agreement. This order was entered almost one year prior to the filing of the speedy trial motion.

■ We must note, however, that the court should have entered written orders, or made docket notations, in accordance with the intent of Rules 28.3(c) and (i), ideally at the time continuances were granted and preferably detailing the reasons for the continuances, specifying to a day certain the time covered by such excluded periods. In this regard, the case well illustrates the problems encountered when trial courts fail to adhere to our rules.

■ Despite this failure, we cannot ignore that this case involves an explicit agreement for Cox's benefit to continue his case until after Duncan's trial; an agreement conceded by both sides, the terms of which were reflected by an order of record entered almost one year before the speedy trial motion was filed and included an express waiver by defense counsel of any speedy trial claims. Having had the benefit of that agreement, we refuse to give Cox the additional benefit of a court of appeals' decision, *Shaw*, bearing little relationship to the facts before us. Under the circumstances, we cannot say Cox met his burden of establishing counsel was ineffective in allowing appellant to enter a guilty plea rather than pursue the speedy trial issue.

Cox's next point is the court erred in finding his guilty plea had been entered knowingly and intelligently since his attorney allegedly failed to inform him that doing so would result in a waiver of the right to appellate review. This point was not originally raised by Cox in his Rule 37 petition but developed as an issue at the hearing on the petition and was addressed in the court's ruling on the petition. On that issue, the court found:

From considering the exhibits received in this hearing, the testimony of the defendant, and the testimony of the defendant's counsel, the court finds that the defendant was aware of the effect of his guilty plea. The defendant's counsel did not specifically testify that he failed to inform the defendant of his waiver of right to appeal in the event of a guilty plea. The court notes the manner and demeanor of both the defendant and his counsel while testifying [which] leads this court to conclude that the plea of the defendant was voluntarily and intelligently entered. The defendant signed a guilty plea statement informing him of his rights before the plea.

Cox's guilty plea statement is abstracted and contains the following language:

I understand that if I plead "Guilty" to any of these charges, as to those charges to which I plead "Guilty" I waive and give up certain of my legal rights, including . . . [t]he right to appeal from the verdict, conviction, and judgment, challenging all issues of fact and law. . . . I now plead guilty.

At the hearing on Rule 37 petition, Cox testified that he signed the guilty plea statement and that he remembered the court going over the statement with him at the time.

We must decide this issue on Cox's plea statement since he failed to abstract the transcript of the guilty plea hearing. In addition, he failed to include a copy of the transcript in the record on appeal. We are therefore unable to accurately determine, from the record, the extent to which either court or counsel discussed with Cox the effect of his plea.

This court has repeatedly held that parties have an affirmative obligation to abstract those portions of the record relevant to the points on appeal, and the record is confined to that which has been abstracted. *Lee* v. *State*, 297 Ark. 421, 762 S.W.2d 790 (1989). *See* Rule 11(f) of the Rules of the Supreme Court and Court of Appeals. Further, it is appellant's duty to bring up a record sufficient to demonstrate error.

Having reviewed what record is before us, and in view of Cox's guilty plea statement and the trial court's conclusions on

this particular issue, we cannot say that the trial court erred in denying Cox's petition for relief under Rule 37.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. This is an appeal from the denial of a Rule 37 petition alleging ineffective assistance of counsel for failure to assert a speedy trial defense on appellant's behalf. He was arrested, along with another person named Duncan, on October 18, 1982. He entered a guilty plea on September 10, 1987. *The entry of his plea came almost five years after his arrest.*

At the evidentiary hearing on the Rule 37 petition in 1988, his former attorney stated that he had reached an agreement with the prosecuting attorney in 1983 to continue the appellant's case until after Duncan's trial. The docket reflects that there was a motion for a continuance entered on July 13, 1983. The docket does not reflect that this motion was ever acted upon. Rule 28.3(a) states in part:

> No pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of thirty (30) days during which any such motion is held under advisement shall not be considered an excluded period.

Duncan was tried on April 10, 1985. That is 21 months after the motion for a continuance based on the agreement with the prosecutor. Therefore, 21 months should be deducted from the 59 months between the appellant's arrest and the entry of his plea. After this deduction 38 months still must be reckoned with.

Petitioner's trial was finally set for October 1985. He made a motion for a continuance, which was granted in an order dated November 1, 1985. This order also contained the first record of the agreement between former defense counsel and the prosecutor for the continuance which had been entered into in 1983. (There is no evidence that the appellant was told about this agreement.)

The weakest link in the state's case, as noted in the majority opinion, is that the agreement between the defense attorney and

the prosecutor was not entered of record until November, 1985. The most difficult point to explain about the majority opinion is that Duncan was tried on April 10, 1985, 17 months before the appellant's guilty plea, and on direct appeal we reversed and dismissed because he had been denied a speedy trial. The maximum allowable time for bringing the appellant's case to trial was 18 months. That period has been doubled and still we find no violation of the rule.