# The State vs. Mary Hazle.

Each count in an indictment must conclude "against the peace and dignity of the State." (*State vs. Cadle*, 19 *Ark*. 613.)

In an indictment under the first section of the statute against obscenity (*Art*. 8, *chap*. 51, *Gould's Dig*.), it is sufficient to charge the offence in the words of the statute. Under the first clause, charging that the person appeared in some public place, naked, or partly so, with the intent of making a public exhibition of his nudity—under the second, that he made an obscene exhibition of his person, without averment as to the place, or the intent.

## Appeal from Conway Circuit Court.

Hon. John J. Clendenin, Circuit Judge.

J. W. Finley, Special Attorney for the State.

The indictment describes the offence in the words of the statute, and under the rule laid down in *Lemon vs. The State*, 19 *Ark*. 171, the description is sufficiently certain.

The exposing of one's person was a misdemeanor at common law, and indictable as a common nuisance, but such exposure must have been in a public place, and to more than one person. *Wharton's Cr. Law* 703, 704; *Cruden's Case*, 2 *Camp*. 89; 1 *Russell* 302; 1 *Barn. & Adol*. 933; and such is the provision in the first clause of the statute. (*Dig., chap*. 51, *Art. VIII, sec*. 1.) But the second clause makes any obscene exhibition of the person a misdemeanor; hence it is a statutory offence, and is well described in the second count—the indictment following the precise words of the statute. *Whart. Cr. L*. 132; *Lemon vs. State*, 19 *Ark*. 171; *State vs. Cadle*, *Ib*. 613; *U. S. vs. Batcheldor*, 2 *Gall*. 15; *Whiting vs. State*, 14 *Conn*. 487; *State vs. Hickman*, 3 *Halst*. 299.

It is clear that our law has created a new offence, not only in name but in punishment; and we submit that the second count of the indictment, charging only a statutory offence, was sufficiently certain, the offence being described in the words of the statute (*Lemon vs. State*, 19 *Ark.* 171), and that it was not necessary to charge that the offence was done with an evil intent, or that it was done in a public place. The proof of any obscene exhibition of the person, whether in a public or private place, to one or more persons, would warrant a conviction on the second count of the indictment.

The second count in the indictment being sufficient, the Court erred in quashing the whole indictment; for, though the indictment contain several defective counts, if there be one which is good, a motion to quash will be overruled. *State vs. Mathis*, 3 *Ark.* 84.

Jordan, *contra*.

The first count in the indictment is bad for want of a conclusion. *State vs. Cadle*, 19 *Ark.* 613.

The second count is bad, because it does not charge that she made an obscene exhibition of her person in a public place, to public view, in the presence of any person or persons, or with an intent to make an indecent exposure of her person. *Whart. Cr. L.* (2d *Ed.*) 703, 704, 795; 2 *Chit. Cr. L.* 18; *Miller vs. The People*, 5 *Barb. Rep.* 203; *State vs. Walker*, 3 *Murphy* 229; *Com. vs. Stout*, 7 *B. Mon.* 249; *Davis vs. State*, 7 *Ohio* 204.

Mr. Chief Justice English delivered the opinion of the Court. Indictment in the Conway Circuit Court as follows:

" The grand jurors, etc., etc., present that Mary Hazle, late of, etc., on, etc., at, etc., unlawfully did appear in a certain public place, partly naked, with the intent of making a public exhibition of her nudity."

" And the grand jurors aforesaid, upon their oaths, etc., do further present that the said Mary Hazle, on the day and year aforesaid, unlawfully did make an obscene exhibition of her

person, contrary to the form of the statute in such case made and p' vided, and against the peace and dignity of the State," etc.

T e defendant moved to quash the indictment, on the following grounds:

1st. The indictment does not sufficiently charge any offence known to the laws.

2d. The first count wants the proper conclusion.

3d. The second count does not charge that the offence complained of, was with an evil intent.

4th. Nor does it charge that the offence was done in a public place.

The Court sustained the motion, quashed the indictment, and the State appealed.

The indictment is upon the following statute:

" Every person who shall appear in public places naked, or partly so, with the intent of making a public exhibition of his nudity, or who shall make any obscene exhibition of his person, shall be deemed guilty of a misdemeanor." *Gould's Digest*, *p.* 377.

The eighth Division of our Criminal Code is designed to punish offences against public morals, decency and good manners.

The section above copied from the ARTICLE against " OB-SCENITY," provides for the punishment of two species of offences; first, the appearing in public places naked, or partly so, with the intent of making a public exhibition of the nudity of the offender; and, *second*, any obscene exhibition of the person.

To make out an offence under the first clause of the statute, it must be charged that the person appeared in some public place naked, or partly so, with the intent of making a public exhibition of his nudity. In this offence, the place and the intent are both material. The place must be public, where the person would be exposed, and not private and secluded; and the intent must be to exhibit the *nudity*. If a person appear in a public place naked, or partly so, with such intent, he is

guilty of an offence, whether his nudity be actually seen by any person or not. The exposure to view is sufficient. On the other hand, a person might, from destitution, necessity, or unavoidable casualty, appear in a public place naked, or partly so, and be guilty of no offence, because in such case the intention to outrage public decency by an exposure of his nudity, would be wanting.

The first count in the indictment sufficiently charges an offence under the first clause of the statute; but was properly quashed because it did not conclude " against the peace and dignity of the State." *State vs. Cadle,* 19 *Ark.* 613.

The second clause of the statute makes any *obscene exhibition* of the person an offence.

The word "obscene" means: " *offensive to chastity and delicacy, impure, foul, filthy, offensive, disgusting.*"—WEBSTER.

The word " exhibition " means " a showing or presenting to view; the act of exhibiting for inspection, display," etc. *Ib.*

So, by an *obscene exhibition* of the person is meant any offensive, disgusting and indelicate presenting to view, show, or display of the person.

The place need not necessarily be public, because one might go to a private house, and outrage a family by an obscene exhibition of his person.

So, the words used in the statute, taken in the sense in which they are ordinarily understood, sufficiently imply a criminal intent. As remarked by Mr. Chief Justice WILLIAMS, in *State vs. Millard,* 18 *Vermont* 577, " the common sense of the community, as well as the sense of decency, propriety and morality, which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it."

The second count in the indictment charges the offence in the language of the statute: " That the defendant did unlawfully make an obscene exhibition of her person,"—which we think was sufficient.

The judgment is reversed, and the cause remanded, with instructions to the Court below to overrule the motion to quash the second count in the indictment, etc., etc.