## WILLIAMS v. STATE.

1. PRACTICE IN SUPREME COURT: *When no bill of exceptions.*
   When there is no bill of exceptions in the transcript the review of the supreme court is limited to errors apparent on the record proper, disregarding what took place at the trial, though there is copied in the transcript the testimony of witnesses and instructions of the court to the jury.

2. INDICTMENT: *Form; Contra pacem, etc.*
   Each count of an indictment must conclude "against the peace and dignity of the state," or it will be defective.

3. SAME: *Same.*
   In an indictment for being interested in the sale of liquor without license, it is not necessary that the offense be stated in the caption. It is sufficient to charge it in the body of the indictment.

APPEAL from *Craighead* Circuit Court.
Hon. W. H. CATE, Circuit Judge.

The Appellant *pro se.*

Said indictment is insufficient in law. Two offenses were charged and the court should have required the State to have elected which she would try appellant for. *36 Ark., 58.*

There was no evidence to sustain the verdict.

*Dan W. Jones,* Attorney General, for Appellee.

There being no bill of exceptions, appellant must rely solely upon the motion in arrest which questions the sufficiency of the indictment.

The indictment is full and meets all the requirements of *Sec. 4507, Mansf. Dig.*

SMITH, J. The first count in the indictment charged an unlicensed sale of a compound of ardent liquor, and was in the usual form except that it did not conclude *contra pacem.* The second count was in these words:

"And the grand jury aforesaid, in the name and by the authority of the State aforesaid, accuse said Robert Williams of the crime of being interested in the sale of liquor without license, committed as follows, viz: The said Robert Williams, in the county and district aforesaid, on the 10th day of March, 1885, was unlawfully interested in the sale of a compound of ardent liquors, called 'lemon ginger,' without first procuring a license from the county court of said county authorizing him to sell the same; against the peace and dignity of the State of Arkansas."

A trial was had upon the plea of "not guilty," and there was a general verdict of guilty. Motions for a new trial and in arrest of judgment were overruled.

A record entry recites that a bill of exceptions, signed by the presiding judge, was filed. But no such paper appears in the transcript, although certain testimony and instructions to the jury are copied. Hence our review is limited to errors apparent on the record proper, disregarding what took place at the trial.

The first count is defective. *Sec. 49 of Art. 7, Constitution of 1874;* requires all indictments to conclude "against the peace and dignity of the state." And as each count in an indictment must be complete in itself, and capable of standing alone if the other counts are quashed, the practical effect is that this formula must be repeated at the end of every count. *State v. Cadle, 19 Ark., 613; State v. Hazle, 20 Id., 156.*

But the second count seems to be good in form and substance, and is sufficient to uphold the verdict and judgment. *Brown v. State, 10 'Ark., 607; Howard v. State, 34 Id., 433; Cooper v. State, 37 Id., 412.*

It is not important that, in the caption, the defendant is accused of being interested in the sale of liquor, whereas, in the charging part of the count, he is accused of being interested in the sale of a compound of ardent liquors. The particular offense of which the defendant was accused was made distinct and certain by the statement of the circumstances of its commission, in the body of the count. *Lacefield v. State, 34 Ark., 275; Johnson v. State, 36 Id., 242.*

Affirmed.