Eugene James "Yankee" HALL
*v.* STATE of Arkansas

CR 84-168                                                684 S.W.2d 261

Supreme Court of Arkansas
Opinion delivered February 18, 1985

*Robert A. Newcomb,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal from a denial of post conviction relief sought pursuant to Ark. R. Crim. P. 37. Our jurisdiction is based on Arkansas Supreme Court and Court of Appeals Rule 29(1)(e).

The two questions presented below were (1) whether the appellant was denied the effective assistance of counsel and (2) whether the state has lived up to its plea bargain. We hold the trial court was correct in finding for the state on both points, thus we affirm.

The appellant was charged with capital felony murder and with attempted murder arising from a separate incident. The first charge was reduced to first degree murder and the attempt charge was dropped. In exchange for the charge reduction and for dropping the attempt charge, and the

appellant now claims other promises, the appellant agreed to and did testify in other trials against other persons charged in connection with the murder to which he pleaded guilty.

### 1. Counsel Effectiveness

The sole claim of the appellant in this respect is that his counsel informed him he would be eligible for parole in seven to ten years. He says had he known his sentence to life imprisonment would not permit him to be paroled he would not have pleaded guilty. Both of the lawyers who represented the appellant at his trial said at the Rule 37 hearing they discussed with the appellant the possibility he could be eligible for parole if his life term were commuted to a term of years. Neither could say he had told the appellant that one sentenced to an uncommuted life term would be ineligible for parole, but each said he had not told the appellant he could be eligible for parole on an uncommuted life sentence. One of the lawyers testified the appellant "was aware" that there was no parole eligibility with a life sentence.

To reverse the trial judge's denial of post conviction relief under Rule 37 we would have to find the court's decision was clearly against the preponderance of the evidence. *Knappenberger* v. *State,* 283 Ark. 210, 672 S.W.2d 54 (1984); *Williams* v. *State,* 273 Ark. 371, 620 S.W.2d 277 (1981). The only testimony that the appellant was unaware his life sentence would not carry parole eligibility absent commutation came from the appellant. Based on the record of the hearing the court was free to hold that the preponderance of the evidence showed that while appellant's lawyers speculated with him about commutation and parole eligiblity, the appellant was not misled.

### 2. Bargain Keeping

The appellant contended at the Rule 37 hearing he had been promised (a) that he would serve his sentence at the diagnostic unit or other special place and not be placed in the general prison population at the Cummins unit, (b) that various persons would write letters for him recommend-

ing early parole, and (c) that the then Pulaski County sheriff would commute his sentence upon becoming governor.

The record shows that none of these alleged promises were included in the written plea agreement. The recorded agreement showed only that the appellant's guilty plea was made in exchange for reducing the charge from capital to first degree murder and dropping the attempt charge. It also stated the appellant's sentence would be served "in the Arkansas Department of Correction."

We agree the state must keep any bargain it has made, *Santobello* v. *New York,* 404 U.S. 257 (1971), and if it does not the guilty plea may be withdrawn. *Mabry* v. *Johnson,* ___ U.S. ___, 81 L. Ed. 2d 437, 104 S. Ct. 2543 (1984). However, we cannot say the court's finding on this point was clearly against the preponderance of the evidence.

While the record demonstrates concern by the appellant, his lawyers and law enforcement officials about his safety as a prisoner, the promises and their status as quid pro quo were testified to only by the appellant. One of his lawyers testified that, while there was a desire on the part of the appellant that he be "moved out of the state" and thereafter his wish became that he be "confined to the Diagnostic Unit in Pine Bluff," both of those prospective agreements "fell through" before the agreement was entered.

The sheriff testified he had made no promise to commute the appellant's sentence if he became governor. He also testified that he had promised no letter to the parole officials on the appellant's behalf.

Otherwise in regard to the prospective letters, one of the appellant's counsel testified there were no representations made as far as letter writing was concerned.

We have reviewed the entire record of the Rule 37 hearing. Taken as a whole it demonstrates the written plea agreement adequately reflected the intent of the appellant

42

and the state. Certainly we cannot say the evidence clearly preponderates to the contrary.

Affirmed.

HOLT, C.J., not participating.