Ricky Alan WHISENHUNT *v.* STATE of Arkansas

CR 86-202                                                      727 S.W.2d 847

Supreme Court of Arkansas
Opinion delivered April 20, 1987

*Phil Barton*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. On January 12, 1984, appellant pled guilty and was sentenced to twenty-five years for aggravated robbery and six years for being a felon in possession of a firearm. The sentences were to run concurrently. About one and one-half years later, appellant filed a petition under A.R.Cr.P. Rule 37, contending that he was denied mental testing and effective assistance of counsel. An attorney was appointed to represent appellant and, following a hearing, the trial court denied the petition. We affirm.

On appeal, appellant basically argues that his guilty plea was not knowingly and voluntarily made because of the ineffectiveness of his counsel. Specifically, appellant contends that (1)

his attorney had a conflict of interest, failed to explain appellant's right to a jury and failed to investigate the facts of his case, and (2) appellant was physically and emotionally incapable of understanding his plea.

The law is settled that there is a presumption that counsel is competent, and the burden is on appellant who must show more than mere errors, omissions, mistakes, improvident strategy or bad tactics. *Smith* v. *State*, 291 Ark. 496, 725 S.W.2d 849 (1987). To prove ineffective assistance of counsel, appellant must establish that his counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hill* v. *Lockhart*, ___ U.S. ___, 106 S.Ct. 366 (1985) and *Strickland* v. *Washington*, 466 U.S. 668 (1984).

Appellant first argues that his attorney, who represented him when he pled guilty, was, at the same time, representing appellant's wife in her divorce proceeding against him. While he complains now that such a conflict of interest on his attorney's part somehow prejudiced him, we find the record reflects the attorney, most pointedly, brought this fact to the court's attention at appellant's plea and arraignment proceeding. That disclosure prompted the judge to ask appellant if he had any objection to the attorney, and appellant replied no, "I'm not going to fight her [his wife]." Appellant declared to the court that he was satisfied with the services of his attorney. We also find from our review of the record that appellant's right to a jury trial was fully revealed and discussed at this same proceeding. In accepting appellant's plea, the trial judge asked appellant whether he understood he was waiving his right to a jury trial, and appellant responded, "Yes, sir." On this point, we should note, too, that appellant was not a stranger to the criminal justice system procedure, as he had pled guilty once before to an earlier aggravated robbery charge. Thus, we conclude that these two issues appellant now assigns as error were correctly considered and dealt with by appellant's attorney and the trial court.

Appellant also complains his counsel was ineffective for having failed to investigate the similarities and differences

between his case and the one relied upon by the prosecutor. Appellant fails, however, to demonstrate exactly what his attorney should have done but failed to do, and, specifically, how the attorney's inaction prejudiced his case.

Finally, appellant contends that, because of his suicide attempt prior to his plea and arraignment hearing and because of his wife filing for a divorce, he was not physically or emotionally capable of understanding his plea. This, too, has no merit. The record reflects conflicting testimony concerning the seriousness of his suicide attempt and how distraught he was at his plea and arraignment. Appellant claimed he slashed his arms and lost a lot of blood, but the sheriff testified that appellant merely scratched his arms with something like a plastic fork. The sheriff also testified that appellant did not appear so distraught as to not understand his rights when appellant entered his guilty plea. Appellant's attorney testified the appellant expressed interest in undergoing a mental examination, but lost interest when he advised appellant there was little chance such an exam would result in appellant serving his time in a mental institution rather than in a penitentiary. Of course, to reverse the trial judge's denial of post-conviction relief under Rule 37, we would have to find the court's decision was clearly against the preponderance of the evidence. *Hall* v. *State*, 285 Ark. 38, 684 S.W.2d 261 (1985). The appellant has failed to demonstrate the trial court was clearly erroneous in denying his requested post-conviction relief.

Because we believe the trial court was justified in finding that the guilty pleas were knowingly and intelligently given, we affirm.