John Michael CALDWELL *v.* STATE of Arkansas

CR 87-201                                          747 S.W.2d 99

Supreme Court of Arkansas
Opinion delivered March 28, 1988

150

*Shermer & Walker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, John Michael Caldwell, was convicted of second degree battery for shooting James Roberts. He contends he was entitled to the benefit of a plea bargain from which the state withdrew before trial. He argues he was constitutionally entitled to be indicted rather than proceeded against by information and that the information was invalid because it did not contain the words, "against the peace and dignity of the State of Arkansas" in the right place. He also contends the court erred in not requiring the state to furnish him a transcription of a statement he gave before trial. We hold that, because Caldwell has not demonstrated that he relied on the plea bargain in any way, it was not error to permit the state to withdraw from it. We hold that the constitution is not violated by the information procedure, and that no error occurred with respect to the arrangement of the words of the information. We also hold no prejudice resulted from the failure to furnish the transcription. The conviction is affirmed.

### 1. Withdrawal from plea bargain

Toward the end of his term of office, the prosecutor offered to recommend a sentence to five years probation in exchange for Caldwell's plea of guilty to first degree battery and aggravated

assault. Caldwell signed the agreement. A new prosecutor took office before Caldwell entered a plea, and the new prosecutor refused to honor the agreement. Caldwell moved to require that the agreement be enforced. The motion was denied. The aggravated assault charge was dismissed, and, upon a plea of not guilty, Caldwell was convicted of second degree battery, a lesser offense included in first degree battery.

As authority for his contention that he was entitled to specific performance of the agreement, Caldwell cites our opinion in *Hall* v. *State*, 285 Ark. 38, 684 S.W.2d 261 (1985), in which we said that if the state does not keep a plea bargain, an accused may withdraw his guilty plea, citing *Santobello* v. *New York*, 404 U.S. 257 (1971), and *Mabry* v. *Johnson*, 467 U.S. 504 (1984). These cases involved alleged breaches of plea bargains which allegedly occurred after a guilty plea had been entered. To be distinguished are cases like this one where no plea has been entered at the time of the withdrawal.

We have no case squarely in point. The cases from other jurisdictions are discussed in Annot., *Right of Prosecutor to Withdraw from Plea Bargain Prior to Entry of Plea*, 16 A.L.R. 4th 1089 (1982). The majority of jurisdictions which have considered the issue hold that, if the defendant has not pleaded or detrimentally relied upon the agreement, the state is free to withdraw. *See, e.g., State* v. *Edwards*, 279 N.W.2d 9 (Iowa 1979), and *Wynn* v. *State*, 22 Md. App. 165, 322 A.2d 564 (1974), in both of which withdrawal was allowed, before prejudicial reliance had occurred, where a second prosecutor refused to honor an agreement entered by a predecessor.

Caldwell argues that he relied to his detriment on the agreement, but the closest he comes to saying he was prejudiced is the general statement that upon entry of the agreement he stopped preparing his defense. He makes no specific statement that any preparations were foregone or how his defense may have suffered. We find no facts showing detrimental reliance.

Caldwell also argues that it is fundamentally unfair to allow the state to renege, whether or not he has relied. Some courts might agree. *See Cooper* v. *United States*, 594 F.2d 12 (4th Cir. 1979); *Ex Parte Yarber*, 437 So. 2d 1330 (Ala. 1983). We disagree for two reasons. First, if the trial court chooses not to

accept the plea bargain, it is of no effect. Ark. R. Crim. P. 25.3; *Mabry* v. *Johnson*, 467 U.S. 526 (1984). The parties have no power to bind the court, and thus it is illusory to say the state is bound by such an agreement before it is consummated by the acceptance of a guilty plea by the court. Second, this court places substance over form, *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986), and if there is no demonstrable prejudice resulting from the withdrawal we fail to see how it is unfair to allow it.

■ We do not mean to suggest by this discussion that if an accused has detrimentally relied to any degree or in any manner upon a plea bargain he may have specific performance of it prior to entering a plea based upon it. We will cross that bridge when we come to it. Withdrawal under those circumstances may affect only the evidence available to the prosecution. Here we hold only that absent a showing of acceptance of a plea of guilty based upon agreement and absent a showing of other detrimental reliance upon the agreement, Caldwell was not entitled to enforcement of it.

## 2. The information

■ In many cases, including *Davis* v. *State*, 246 Ark. 838, 440 S.W.2d 244 (1969), *cert. denied*, 403 U.S. 954 (1971), and *Penton* v. *State*, 194 Ark. 513, 109 S.W.2d 131 (1937), we have upheld Ark. Const., amend. 21, which permits criminal charges to be made by information, against challenges based on the Fifth and Fourteenth Amendments to the United States Constitution. There is no need to reconsider those cases here.

Arkansas Const., art. 7, § 49, provides, in part, "Indictments shall conclude: 'Against the peace and dignity of the State of Arkansas.' " This is known as the *contra pacem* clause. In *Williams* v. *State*, 47 Ark. 230, 1 S.W. 149 (1886); *State* v. *Hazle*, 20 Ark. 156 (1859); and *State* v. *Cadle*, 19 Ark. 613 (1858), we held that each count of an indictment must contain the clause. Our reason was that each count of an indictment must stand on its own.

Count I of the information against Caldwell stated the battery offense and did not contain the clause. It was, however, contained in the information after the aggravated assault count,

which was count II. The clause was not included in the body of either count but was at the conclusion of the printed information form upon which the two counts had been typed. It is apparent to anyone reading the information that the clause was intended to apply to both counts.

When Caldwell's counsel brought this matter to the attention of the court and the prosecutor, the prosecutor, for reasons we do not know, refused to amend the information to include the required words in count I. The judge remarked that with the dismissal of count II, the clause came at the conclusion of count I. While it would have been easier to decide had the remaining count in the information been expressly amended to include the clause, we agree with the trial court's conclusion that the dismissal of count II effectively amended the indictment so that count I concluded with the required clause.

### 3. The statement

Caldwell gave an exculpatory statement to a deputy sheriff shortly after the shooting occurred describing it as accidental. His counsel made a pre-trial motion to require production of any such statement made by Caldwell. There is no doubt that Caldwell was entitled to the statement. Ark. R. Crim. P. 17.1(a)(ii); *Williamson* v. *State*, 263 Ark. 401, 565 S.W.2d 415 (1978). Here again, however, the question is whether he suffered any prejudice by the failure of the prosecution to give him a copy of it.

Caldwell made a pre-trial motion to suppress the statement and was told by the court that the state could use the statement to impeach him if he took the stand. Caldwell's counsel agreed with the court's observation, and no objection was raised at that point with respect to failure of the prosecution to produce the statement.

During the trial the state neither introduced the statement nor mentioned it. It was referred to only when Caldwell's counsel asked the deputy sheriff who had taken the statement about it. Caldwell has not argued that the failure of the state to produce the statement was in any way prejudicial to him, and absent a showing of prejudice we will not reverse. *Dunlap* v. *State*, 292 Ark. 51, 728 S.W.2d 155 (1987).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent from that portion of the opinion which holds that criminal charges may be filed by information. I believe Amendment 21 to the Constitution of Arkansas is in direct violation of the Fourth and Fifth Amendments to the Constitution of the United States.