Richard GREEN *v.* STATE of Arkansas

CR 88-89                                      759 S.W.2d 211

Supreme Court of Arkansas
Opinion delivered November 7, 1988

50

*Janice Williams Wheeler*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Richard Green, petitioned the Circuit Court of Hot Spring county for relief pursuant to Ark. R. Crim. P. 37.1 on the ground that his plea of guilty to first degree murder, of which he was convicted in 1979, was not voluntary. His contention was that he was told by his counsel and the prosecutor that he would only serve seven years. A hearing was held at which his former defense lawyers and the prosecutor testified to the contrary. We affirm the trial court's denial of relief.

Richard Green testified that he was told he would only serve seven years and that he would not have pleaded guilty had he thought his prison term would be longer. The trial took place in 1979, and he sought executive clemency in 1986 in the form of a reduction in his sentence to a term of years. Such a reduction would have made him eligible for parole at some point. His request was not acted upon by the governor's office.

His former counsel testified they told Green that those serving life sentences were serving seven to fifteen years, depending upon how they behaved in prison. The prosecutor testified no promise of any term of years was made to Green. There was testimony to the effect that in 1979 there was a rule of thumb, followed by the governor, according to which one sentenced to life had to serve seven years before clemency would be considered. That was changed in 1980 to twelve years.

The trial record shows clearly that Green told the court at the time he entered his plea that he knew he could be sentenced to life imprisonment and that, other than the agreement to reduce the charge against him from capital to first degree murder, no

promises had been made to him in exchange for his plea.

■ Mr. Green apparently was told the facts about parole eligibility as they were in 1979. The change in the situation did not render his plea involuntary. Even if it were concluded that erroneous advice about parole eligibility was given, that would not make the plea involuntary. *Garmon* v. *State*, 290 Ark. 371, 719 S.W.2d 699 (1986). *See also Vagi* v. *State*, 296 Ark. 377, 757 S.W.2d 533 (1988).

■ The trial court found: "The State and the defense entered into no agreement that the defendant would do any specific term of years in the penitentiary. Mr. Green's attorney merely advised him of the possibility of eligibility." To reverse the trial court's refusal to grant relief, we would have to hold these findings to be clearly against the preponderance of the evidence. *Whisenhunt* v. *State*, 292 Ark. 33, 727 S.W.2d 847 (1987); *Hall* v. *State*, 285 Ark. 38, 684 S.W.2d 261 (1985). The evidence in the record supports the court's determination.

Affirmed.