33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Eugene "Yankee" HALL, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 93-3733.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 25, 1994.
Filed: August 11, 1994.
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 E.D.Ark.
 AFFIRMED.
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eugene "Yankee" Hall appeals the district court's[1] dismissal of his 28 U.S.C. Sec. 2254 petition. We affirm.
 
 
 2
 In 1982, Hall was charged with capital felony murder, in violation of Ark. Code Ann. Sec. 41-1501. Pursuant to a plea agreement, Hall pleaded guilty to first degree murder; he was sentenced to life imprisonment. No parole is possible under such a sentence unless the governor first commutes it to a term of years. See Ark. Code Ann. Sec. 16-93-604(b)(1). In 1984, Hall moved to vacate his conviction or to withdraw his guilty plea pursuant to Arkansas Rule of Criminal Procedure 37. Hall asserted that he was denied effective assistance of counsel because his plea counsel incorrectly informed him that he would be eligible for parole in seven to ten years. Hall's motion was denied after a hearing at which plea counsel and Hall testified. The Arkansas Supreme Court affirmed, concluding that the motion court was "free to hold that the preponderance of the evidence showed" Hall was not misled about his parole eligibility. See Hall v. State, 684 S.W.2d 261, 262 (Ark. 1985).
 
 
 3
 Hall subsequently filed this section 2254 petition, reasserting his ineffective-assistance claim.[2] After applying the section 2254(d) "presumption of correctness" to the state court's factual findings, the district court dismissed the petition without an evidentiary hearing. Hall timely appealed.
 
 
 4
 To establish that he received ineffective assistance of counsel, Hall must show that his counsel's representation "fell below an objective standard of reasonableness," and that there "is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57-59 (1985). In section 2254 appeals, we defer to the state court's factual findings and uphold the district court findings unless they are clearly erroneous; however, both prongs of the ineffectiveness inquiry are mixed questions of law and fact, which we review de novo. Garmon v. Lockhart, 938 F.2d 120, 121 (8th Cir. 1991). "[E]rroneous advice concerning parole eligibility may constitute ineffective assistance of counsel .... [if] petitioner pleaded guilty as a direct consequence of his counsel's erroneous advice and ... but for this advice, the outcome of the plea process would have been different." Hale v. Lockhart, 903 F.2d 545, 549 (8th Cir. 1990).
 
 
 5
 Here, the state court found that Hall had not been "misled" by his counsel as to his parole eligibility. We conclude the district court properly deferred to this finding and correctly determined that Hall's counsel were therefore not ineffective.
 
 
 6
 We need not address Hall's claim, raised for the first time on appeal, that he received ineffective assistance from his state post-conviction counsel. See Tramp v. United States, 978 F.2d 1055, 1056 (8th Cir. 1992) (per curiam). Finally, we reject Hall's claim that his federal habeas counsel was ineffective. See Cornman v. Armontrout, 959 F.2d 727, 730 (8th Cir. 1992).
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 Hall asserted additional claims which the district court rejected as procedurally barred or meritless. Hall has not pursued those claims on appeal. See Frye v. Aspin, 997 F.2d 426, 429 (8th Cir. 1993) (per curiam) (issues not argued on appeal deemed abandoned)