Cite as 2024 Ark. App. 461

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-23-369

| | |
|---|---|
| JERRY BROWN | Opinion Delivered September 25, 2024 |
| **APPELLANT** | APPEAL FROM THE PIKE COUNTY CIRCUIT COURT [NO. 55CR-21-81] |
| V. | HONORABLE BRYAN CHESSHIR, JUDGE |
| STATE OF ARKANSAS | |
| **APPELLEE** | AFFIRMED |

### WAYMOND M. BROWN, Judge

A Pike County jury convicted appellant Jerry Brown of possession of a controlled substance with the purpose to deliver methamphetamine, more than two grams but less than ten grams; and possession of drug paraphernalia. He was sentenced as a habitual offender to an aggregate term of fifty-five years' imprisonment. He argues that the circuit court erred in denying his motion to suppress because (1) the affidavit lacked particular facts or circumstances to support a finding that evidence of wrongdoing would be found on appellant's cell phone, and (2) the warrant for appellant's cell phone was overly broad. We affirm.

A traffic stop was conducted on appellant on December 10, 2021, after he was seen crossing the center line. Prior to being stopped, an anonymous caller informed the Pike

County Sheriff's Office that the drug supplier of the person whose home had just been searched and drugs recovered was at the home. The supplier was described as an older man with long hair driving a white Ford truck with Texas tags and something blue in the back of the truck. Officers went by the home, but no white truck was there. A little later, Investigator Scott Bradshaw of the Arkansas State Police saw a truck matching the description driving down State Highway 26 and subsequently saw the truck cross the center line. The truck was stopped for the traffic violation, and the driver, appellant, who matched the earlier description, consented to a search of the truck. Under the hood, officers found a black plastic box containing four individual plastic bags of methamphetamine weighing ten grams. A glass smoking device and a marijuana smoking device were also found inside the box wrapped in a black handkerchief. Appellant had about $900 in cash but stated that he did not work because he is disabled. Appellant admitted that the methamphetamine was his for personal use and that it was "a couple of 8-balls."

Bradshaw subsequently filed an affidavit for a search warrant for appellant's cell phone outlining the events of the earlier drug bust, anonymous call, traffic stop, and appellant's arrest. Bradshaw indicated that he was looking for evidence that appellant was selling drugs. Bradshaw stated that based on his training and experience, he knows "that people who use and sell methamphetamine use their cell phones to set up transactions by using messenger apps and phone calls." He also stated that evidence of appellant's crime "may be revealed by seizing and examining electronic communication and data storage

2

devices, which in this case would be [appellant's] cell phone[.]" The items in the affidavit for the search warrant included the following:

> Digital photographs, video files, date files, system files, all incoming and outgoing text messages & multimedia messages, contact lists, stored phone books, to do list and any other data stored on the phone, location based service software, SIM cares, memory cards, SD cards, incoming and outgoing phone calls to and from [appellant's phone number], dates and times when calls were made and received and text messages sere sent and received to and from [appellant's phone], and subscriber information.

The search warrant was executed on December 21 and returned on December 28.

Appellant filed a motion to suppress evidence on October 17, 2022, essentially making the same arguments as above. The circuit court held a hearing on the motion on September 28 and denied it. Appellant's jury trial took place on November 3, and he was found guilty of the charges against him. Appellant filed a timely notice of appeal.

In reviewing the denial of a motion to suppress evidence, this court conducts a de novo review based on the totality of the circumstances, reversing only if the circuit court's ruling denying the motion to suppress is clearly against the preponderance of the evidence.[1] We defer to the superior position of the circuit court to evaluate the credibility of witnesses at a suppression hearing, and any conflicts in the testimony of witnesses are for the circuit court to resolve.[2] Prejudice is not presumed, and this court will not reverse absent a showing of prejudice.[3]

---

[1]*Sheridan v. State*, 368 Ark. 510, 247 S.W.3d 481 (2007).

[2]*Rainey v. State*, 2017 Ark. App. 427, 528 S.W.3d 288.

[3]*Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000).

Here, even if the affidavit was not enough to support a warrant to search appellant's phone, there was no prejudice to appellant because nothing obtained from the phone was used during his jury trial. Thus, appellant has failed to demonstrate how the non-use of any information obtained from his phone resulted in prejudice to him.[4] Accordingly, we affirm.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[4]*See Caldwell v. State*, 295 Ark. 149, 747 S.W.2d 99 (1988).